UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Citizens Insurance Company of the Midwest,

    Plaintiff,

v.                                                       Case No. 18-cv-10129

Mona Beydoun, Sabah Ali Beydoun, Batool     Sean F. Cox
Ali Beydoun, Abdulwali Al-Fakih               United States District Court Judge

    Defendants.
_____/

## **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

    This is an insurance coverage case. Plaintiff seeks to declare that it has no duty to defend or indemnify any Defendant for car accidents occurring on January 6, 2017 or March 17, 2017. Plaintiff's motion for default judgment is currently before the Court. The Clerk of the Court has entered default as to all Defendants, and no response to this motion has been filed. For the reasons below, the Court shall GRANT Plaintiff's motion for default judgment.

## **BACKGROUND**

    On September 6, 2016, Defendant Mona Beydoun applied for car insurance. (D.E. 19, PageID 173). She listed four cars, including a 2016 Chevrolet Cruze, and a 2010 Chevrolet Malibu. *Id*. The application also asked her to list "all residents & dependents (licensed or not) and regular operators." *Id*. Under this section, she listed herself and Genua Beydoun. *Id*.

    Based on this application, Plaintiff issued a personal auto policy to Mona. The policy stated that "your insurance premium is determined using several criteria, including...**Household Structure** - the number of drivers, the number of cars, and the presence of youthful operators in the household

are considered in determining your premium." (D.E. 19, PageID 180) (emphasis in original). The policy listed Mona Beydoun and Genua Beydoun as "drivers" and stated "the individuals listed above are the only drivers for which the policy is rated. If there are other drivers in your household, please contact your insurance agent."(D.E. 19, PageID 190).

The policy also detailed the consequences if the insured engaged in fraud:

> We do not provide coverage for any "insured" who has made fraudulent statements or engaged in fraudulent conduct in obtaining or maintaining this policy or in connection with any accident or loss for which coverage is sought under this policy.

(D.E. 19, PageID 196).

On January 6, 2017, Defendant Batool Ali Beydoun allegedly hit Defendant Abdulwali Al-Fakih while driving the 2016 Chevrolet Cruze. (D.E. 19, PageID 234). Al-Fakih filed suit in Wayne County Circuit Court. *Id.* During Plaintiff's investigation, it determined that Batool was a resident of Mona's household and the registered owner of the Cruze. (D.E. 19, PageID 242).

On March 17, 2017, Defendant Sabah Ali Beydoun was involved in an accident while driving the 2010 Chevrolet Malibu. (D.E. 19, PageID 241). No lawsuit has been filed because of that accident. *Id.* During Plaintiff's investigation, it determined that Sabah was a resident of Mona's household and the registered owner of the Malibu. (D.E. 19, PageID 242).

On January 2, 2018, Plaintiff concluded that Mona had made material misrepresentations in her application for insurance. (D.E. 19, PageID 241). In sum, Plaintiff identified three misrepresentations: (1) Mona never informed Plaintiff that Batool was a resident of her household or a driver of the 2016 Chevrolet Cruze, (2) Mona never informed Plaintiff that Sabah was a resident of her household or a driver of the 2010 Chevrolet Malibu, (3) Mona did not actually have an insurable interest in either of the Chevrolets because her daughters were the registered owners.

(D.E. 19, PageID 242-243). Plaintiff concluded that "these material misrepresentations impacted the manner in which this risk was written" and that "the policy premium would have been significantly increased if there had been disclosure at the time of the application." (D.E. 19, PageID 243).

Plaintiff rescinded the insurance policy, and returned $7,617 in premiums.

On January 11, 2018, Plaintiff filed its complaint in this case, seeking a declaratory judgment that the policy is rescinded *ab initio* based on Mona's material misrepresentations and that Plaintiff has no duty to defend or indemnify any Defendant or to reimburse any cost related to the January 6, 2017 or March 17, 2017 accidents. (D.E. 1, PageID 13-14)

All plaintiffs were properly served with notice of the complaint. Mona was personally served. (D.E. 5). Batool and Sabah were served through Mona, a person of suitable age and discretion who resides at their residence or usual place of abode. (D.E. 4 and D.E. 6). Al-Fakih was served through Yusif Al-Fakih, a person of suitable age and discretion who resides at his residence or usual place of abode. (D.E. 7)

**ANALYSIS**

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party for failure to plead or otherwise defend the claim. Because the Clerk of the Court entered a Default against all Defendants, "the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 848 (E.D. Mich. 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)). The entry of a default against Defendants "conclusively establishes every factual predicate of a claim for relief." *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *see also Brockton Sav.*

*Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985).

Declaratory relief may be granted through a default judgment. *See Mason v. Genisco Technology Corp.*, 960 F.2d 849, 850 (9thCir. 1992). Where, as here, Plaintiff "seeks declaratory relief rather than monetary damages, default judgment is appropriate if the well-pleaded allegations of the complaint establish the plaintiff's right to such relief." *Nautilus Ins. Co. v. Remac America, Inc.*, 956 F.Supp.2d 674, 679 (D.Md. July 9, 2013).

Plaintiff's allegations in its Complaint, which are deemed admitted, establish that Plaintiff is entitled to a declaration that Mona Beydoun's policy is void *ab inito* and that it has no duty to defend or indemnify any Defendant or to reimburse any cost related to the January 6, 2017 or March 17, 2017 accidents.

An insurance policy is a contract—an agreement between two parties. *McGuirk Sand & Gravel, Inc. v. Meridian Mut. Ins. Co.*, 220 Mich.App. 347, 353, 559 N.W.2d 93 (Mich.App.1996) (quoting *Auto–Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566–67, 489 N.W.2d 431 (1992)) Generally, "[f]raud in the inducement to enter a contract renders the contract voidable at the option of the defrauded party..." *Bazzi v. Sentinel Ins. Co.*, No. 154442, 2018 WL 3468087 at *9 (Mich. July 18, 2018) (citing 5A Michigan Civil Jurisprudence, Contracts, § 44, p. 215). "For that reason, an insurance policy procured by fraud may be declared void *ab initio* at the option of the insurer." *Id*. (citing *Darnell v. Auto-Owners Ins. Co.*, 142 Mich. App. 1, 9, 369 N.W.2d 243 (1985) ("[w]here a policy of insurance is procured through the insured's intentional misrepresentation of a material face in the application for insurance, and the person seeking to collect the no-fault benefits is the same person who procured the policy of insurance through fraud, an insurer may rescind an insurance policy and declare it void *ab initio*."))

4

Here, Plaintiff alleges that Mona "engaged in fraudulent conduct in obtaining and/or maintaining the subject insurance policy" by failing to disclose all resident relatives and drivers and by failing to maintain an insurable interest in the covered cars. (D.E. 1, PageID 9). Plaintiff alleges that Mona knew that her misrepresentations were false, and that she made them with the intention that Plaintiff would act upon them. (D.E. 1, PageID 10). Further, Plaintiff alleges that it relied upon Mona Beydoun's misrepresentations and omissions in issuing the insurance policy. *Id.* Because of Defendants' default, these allegations are treated as admitted and Plaintiff has established that Mona engaged in fraud when obtaining the insurance policy. Thus, Plaintiff is entitled to have the insurance policy declared void *ab initio*.[1]

An insurance policy that has been declared void *ab initio* is "considered to never have existed." *Bazzi*, 2018 WL 3468087 at *9. Thus, Plaintiff has no duty to defend, indemnify, or pay damages or settlements that arise from the relevant car accidents.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED**. Accordingly, the Court concludes that (1) the insurance policy issued by Citizens Insurance

---

[1] In its Complaint, Plaintiff seeks a declaration that the policy is "rescinded *ab initio*." However, Al-Fakih's status as a third-party to the policy complicates Plaintiff's request for rescission. "[F]raud in the application for insurance [does not] imbue an insurer with an absolute right to rescission of the policy with respect to third parties." *Bazzi*, 2018 WL 3468087 at *10. To rescind the policy, Plaintiff needs to show that rescission between it and Al-Fakih is available as an equitable remedy. *See id.* ("Accordingly, although the policy between Sentinel and the insured, Mimo Investment, is void *ab inito* due to the fraudulent manner in which it was acquired, the trial court must now determine whether, in its discretion, rescission of the insurance policy is available as between Sentinel and [injured, third-party driver]." Based on the Complaint's factual allegations, this Court is unable to make that determination, and thus, it is not clear that Plaintiff is entitled to a declaration that the policy is "rescinded *ab initio*." However, Plaintiff is clearly entitled to a declaration that the policy is "void *ab initio*."

5

Company of the Midwest to Mona Beydoun, assigned policy number 82 A6H D032820, is void *ab inito*; (2) Citizens Insurance Company of the Midwest has no duty to defend or indemnify any Defendant, or to reimburse any Defendant for defense costs, including interest and attorney fees, in connection with any claim, lawsuit, or cause of action arising out of the motor vehicle accident that occurred on or about January 6, 2017; (3) Citizens Insurance Company of the Midwest has no duty to pay any damages imposed by way of settlement or judgment against any Defendant arising out of the motor vehicle accident that occurred on or about January 6, 2017; (4) Citizens Insurance Company of the Midwest has no duty to defend or indemnify any Defendant, or to reimburse any Defendant for defense costs, including interest and attorney fees, in connection with any claim, lawsuit, or cause of action arising out of the motor vehicle accident that occurred on or about March 17, 2017; and (5) Citizens Insurance Company of the Midwest has no duty to pay any damages imposed by way of settlement or judgment against any Defendant arising out of the motor vehicle accident that occurred on or about March 17, 2017.

The Court will enter a declaratory judgment consistent with this Opinion and Order.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager